## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO VELASCO, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO.  4:21-cv-01083-P |
| PARKER PRODUCTS, INC., | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Plaintiff, Antonio Velasco ("Plaintiff"), complaining of Defendant, Parker Products, Inc. ("Defendant") for cause of actions would show this Court the following:

### PARTIES

1. This Complaint is filed by Antonio Velasco, Plaintiff, whose address is 1307 Elmwood Ave., Fort Worth, Texas 76104.

2. Defendant, Parker Products, Inc., may be served with process by serving its registered agent CT Corporation System at 1999 Bryan, St., Ste. 900 Dallas, Texas 75201.

### JURISDICTION & VENUE

3. Venue is proper in this county in that the events giving rise to this cause of action occurred within TARRANT County.

4.      The damages sought in this suit are within the jurisdictional limits of this Court. As required by Rule 47, Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00 and non-monetary relief.

## FACTS

5.      Plaintiff worked for Defendant for two years prior to his termination as a pack room operator without any restrictions or accommodations.

6.      While on the job in June of 2018, Plaintiff slipped and fell in Defendant's employee breakroom. His fall resulted in an injury that led to him being partially disabled. Plaintiff had a shoulder, back, and hip injury.

7.      Plaintiff received medical care for his injuries at Arlington Orthopedic Associates and Southwest Orthopedic Associates.

8.      Plaintiff received several rounds of injections to treat his disability.

9.      In July of 2018, Plaintiff's physician allowed him to return to work but requested that accommodations and restrictions in place, but Defendant's management instructed Plaintiff to go out on leave until he could return without any restrictions.

8.      In January 2019, Plaintiff informed his management team that his doctor suggested surgery to correct his disability. Three days after notifying his management team of the necessary team, Plaintiff was terminated. Defendant's management called and told Plaintiff he was no longer needed.

## CAUSE OF ACTION I: AMERICAN WITH DISABILITIES ACT VIOLATION

9.      Plaintiff incorporates all preceding paragraphs herein.

10.     Disability discrimination occurs when an employer or entity covered by the American with Disabilities Act ("ADA") treats a qualified individual who is an employee unfavorably because he

has a disability. In order to state a claim for disability discrimination under the ADA, a plaintiff must demonstrate "that (a) he has a disability; (b) he is a qualified individual for the job in question; and (c) an adverse employment decision was made because of his disability." *Mercer v. Arbor E & T*, No. 4:11–CV–3600, 2012 WL 1425133, at *5 (S.D.Tex. Apr.21, 2012) (quoting *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir.1999)) (internal quotation marks omitted).

11. To establish a disability, Plaintiff must (A) demonstrate that a physical or mental impairment that substantially limits one or more major life activities, (B) provide a record of having such an impairment, or (C) show that he was regarded as having such an impairment. 42 U.S.C. § 12102(2). To substantially limit means: (i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform the same major life activity. 29 C.F.R. § 1630.2(j)(1)(i)(ii). Whether an impairment is substantially limiting is determined in light of (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact. 29 C.F.R. § 1630.2(j). Major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995).

12. The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared

a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job. 42 U.S.C. § 12111.

13. The ADA prohibits discrimination in the "terms, conditions, and privileges of employment." *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758, 765 (5th Cir. 1996) (citing 42 U.S.C. § 12112). Further, i[t] is unlawful for a covered entity to limit, segregate, or classify a[n]…employee in a way that adversely affects his or her employment opportunities or status on the basis of disability. *Id.* (citing 29 C.F.R. § 1630.5).

14. Plaintiff worked as a pack room operator for Defendant for approximately two years. During this time, he did not require any accommodations or restrictions. In or around June 2018, Plaintiff was injured when he slipped and fell in the employee breakroom of Defendant's facility. This fall resulted in shoulder, back, and hip injuries. Plaintiff had to receive care for his injuries at Arlington Orthopedic Associates and Southwest Orthopedic Associates. Some of that care included several rounds of pain injections. During that time, Plaintiff was unable to work, and Defendant was aware of these circumstances.

15. In or around July 2018, Plaintiff informed Defendant that his physician would clear him to return to work but requested that certain accommodations and/or restrictions be put in place. Defendant's management was unable and/or unwilling to put such accommodations and/or restrictions in place, and instead instructed Plaintiff to go on leave until he could return without any accommodations and/or restrictions. Plaintiff, therefore, has a physical condition that substantially limited a major life activity.

16. In or around January 2019, Plaintiff informed Defendant's management team that his doctor recommended surgery to correct his disability injuries. Three days after notifying his

management team of the doctor's recommendation, Defendant's management told Plaintiff he was no longer needed, and he suffered an adverse employment decision and was terminated.

17. Defendant discriminated against Plaintiff for having a disability after he injured himself on the job. Prior to his injury, Plaintiff was qualified for his position and worked for Defendant without any restrictions or accommodations for two years. Once he was injured, they refused to allow him back to work with accommodations or restrictions for his disability. After Plaintiff notified Defendant that he would need surgery to correct his injury, Defendant's management told Plaintiff he was no longer needed, and he suffered an adverse employment decision and was terminated. Therefore, Defendant has discriminated against Plaintiff due to his disability..

## CONDITIONS PRECEDENT

18. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Petition is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

## ATTORNEYS' FEES

19. Antonio Velasco engaged Ali Crocker Russell of Crocker Russell & Associates to prepare and prosecute this Suit. As part of the petition, Antonio Velasco petitions this Court to render judgment for reasonable attorneys' fees, expenses, and costs through trial and appeal in his favor and against Isotherm, Inc. and order the judgment to be paid directly to Ali Crocker Russell. Ali Crocker Russell petitions this Court to award post-judgment interest as permitted by law.

**PRAYER**

Plaintiff prays that citation be issued commanding Defendant to appear and answer herein and that Plaintiff be awarded judgment against Defendant for an amount within the jurisdiction limits, plus court costs and attorneys' fees.

Plaintiff request a jury trial, which fee will be attached.

Plaintiff prays that he be awarded a judgment against Defendant for reasonable attorneys' fees and post-judgment interest.

Plaintiff prays for general relief.

Respectfully submitted,

By: */s/ Ali Crocker Russell*
CROCKER RUSSELL & ASSOCIATES
2401 Callender Road, Suite 103
Mansfield, Texas 76063
Tel: (817) 482-6570
Fax: (682) 232-1850

Kursten King
State Bar No.: 24097097
Kursten@cralawfirm.com

Ali Crocker Russell
State Bar No.: 24098868
Ali@cralawfirm.com
**Attorneys for Plaintiff**